LIBRADO MERCADO Y SEDA, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 905. Submitted December 1, 1933.—Decided January 12, 1934.

*A. Arroyo Rivera* for appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

Librado Mercado Seda and the firm Silva & Mari organized a mercantile partnership under the name of Librado Mercado, *S. en C.,* of which Mercado was managing partner and Silva & Mari the special partner. This partnership purchased a house which was recorded in its name in the registry of property, and executed a mortgage on the house to secure the purchase price. In a public deed dissolving the partnership, the partners stated that there had been no profits, and that the only asset of the firm was the house mentioned, and in the same document the special partner, Silva & Mari, sold its right and interest in the house to the partner, Librado Mercado Seda, for a price the receipt of

which was acknowledged. This deed was presented for record in the registry of property, and the record was denied on the ground that the right and interest in the house which Silva & Mari conveyed was not previously recorded in the name of Silva & Mari, as a result of the dissolution of the partnership, and that the fact that the property was recorded in the name of the partnership Librado Mercado, *S. en C.*, which is a different person from Silva & Mari, precluded the recording of the transfer, in accordance with section 20 of the Mortgage Law and the decision of this court in 15 *Decisiones de Puerto Rico* 759, which the registrar cites in his brief as *Vázquez* v. *Rocco,* 27 P.R.R. 678. This appeal is taken from the refusal of the registrar, which we are asked to reverse ordering the record to be made.

Section 20 above cited provides that in order to permit the record or·entry of deeds conveying or encumbering the title or possession of real property or property rights, the interest of the person executing the same, or in whose name the conveyance or encumbrance is made, must first appear of record.

The question raised by the registrar has already been decided by this court, for in *Blanco* v. *Registrar of San Juan,* 28 P.R.R. 159, we held that the assets of a partnership belong to it, and that its partners have no property rights in such assets, and are not co-owners of the same; that this does not prevent them from having an interest in the partnership, or from transferring this interest, with the consent of the other partners, as we held in *González* v. *Méndez,* 8 P.R.R. 249; and that a deed assigning an interest in a partnership does not involve the transfer of real property or of real rights, but the transfer of rights of a strictly personal nature, for which reason the previous record in the name of the assignor is not necessary for the recording of the assignment. The case of *Porto Rico Fruit Exchange* v. *Registrar of San Juan,* 27 P.R.R. 695, cited by the registrar, is not applicable to

cases such as the one at bar, as we held in the *Blanco* case, *supra*.

For the reasons stated the decision appealed from must be reversed and the record sought ordered.